**Elsa Consuelo HERNANDEZ–PALMA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–73699.**

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.*

Filed July 27, 2012.

Elsa Hernandez–Palma, pro se.

OIL, Annette Marie Wietecha, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Elsa Consuelo Hernandez–Palma, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Hernandez–Palma established changed or extraordinary circumstances excusing her late filing. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition as to her asylum claim.

We lack jurisdiction to review Hernandez–Palma's contentions that she is a member of two particular social groups because she failed to raise these issues to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). In addition, we do not consider the new allegations and documentary evidence in Hernandez–Palma's opening brief because our review is limited to the administrative record underlying the IJ's decision. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the agency's determination that Hernandez–Palma did not establish past persecution or a clear probability of persecution on account of a protected ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). The record does not show any harm or threats to Hernandez–Palma while she was in Guatemala or any link between her and the disappearance of her brother. *See Wakkary,* 558 F.3d at 1060 (petitioner failed to show murder of friend and attempted murder of pastor were "part of a pattern of persecution closely tied to" himself) (internal citation and quotation omitted). Further, Hernandez–Palma's fear of harm based on general levels of crime and violence in Guatemala or on threats to family members from gangs seeking money does not establish a nexus to a protected ground. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) ("[m]ere generalized lawlessness and violence" is generally insufficient); *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Accordingly, Hernandez–Palma's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Hernandez–Palma failed to establish it is more likely than not she would be tortured by or with the acquiescence of the government if returned to Guatemala. *See Wakkary,* 558 F.3d at 1067–68.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.